■ NBT BANCORP, INC., et al., Respondents, v FLEET/NORSTAR FINANCIAL GROUP, INC., Formerly Known as NORSTAR BANCORP, INC., et al., Appellants. [597 NYS2d 236] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Coutant, J.), entered July 8, 1992 in Chenango County, which, *inter alia,* denied defendants' motion to compel discovery.

Alleging that defendants' tortious interference caused their attempted merger with Central National Bank of Canajoharie (hereinafter Central) to fail, plaintiffs brought this suit to recover damages assertedly sustained as a result. The facts of the underlying transaction are fully set forth in our prior decision (159 AD2d 902, *appeal dismissed* 76 NY2d 886, *lv dismissed* 76 NY2d 982).

In an attempt to demonstrate that it was plaintiffs' ill-advised business tactics that caused the merger to fail, rather than any conduct on their part, defendants sought to discover information about another, subsequent merger attempt by plaintiffs which also went awry (hereinafter the Chittenango transaction). Plaintiffs refused to comply with the requested discovery on the ground that disclosure of materials concerning this separate and distinct transaction are not "material and necessary to the defense" of the action at hand. Defendants moved for an order compelling discovery; this motion

was denied by Supreme Court, without opinion, and defendants appeal.

Disclosure provisions of the CPLR are to be liberally construed; however, the scope of permissible discovery is not entirely unlimited and the trial court is invested with broad discretion to supervise discovery and to determine what is "material and necessary" as that phrase is used in CPLR 3101 (a) *(see, Feeley v Midas Props.,* 168 AD2d 416, 417). In delineating the bounds of that discretion, the Court of Appeals has defined the standard of materiality as being "one of usefulness and reason", with the focus to be placed on "sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406).

In this case, although Supreme Court's failure to set forth its rationale dictates that we engage in a certain amount of speculation, there nonetheless appears to be a sound basis for denying the discovery defendants sought. Defendants contend that inasmuch as they were not involved in the Chittenango transaction, if plaintiffs' conduct in pursuing that merger can be shown to have been repeated in their dealings with Central, this would constitute evidence that it was plaintiffs' conduct which precipitated the failure of the Central merger rather than any activity on defendants' part. In support of the ultimate admissibility of this evidence, defendants cite various cases in which evidence of how a party acted on one or more other occasions was received to prove that party acted in the same way on the occasion giving rise to the matter being litigated. They do not, however, intend to use this evidence to establish that plaintiffs behaved in a particular manner when pursuing the Central merger; rather, they seek to show that *because* the actions were similar on the two occasions, and the results were also similar, there must be a causal relationship between the two. In essence, they propose that it was the pattern of uninviting tactics plaintiffs employed in their merger attempts—or merger modus operandi—which caused both transactions to miscarry.

Even assuming that it can be proven that the Chittenango transaction was not consummated because plaintiffs' offer was unattractive to its shareholders, this has no bearing on the issue being litigated, namely, whether defendants' conduct affected Central's shareholders' and directors' perception of plaintiffs' proposal to them, which was made at a different time, location and media environment. Also, because of the significant media coverage the Central deal apparently received, it cannot be said with any assurance that defendants'

actions in that merger undertaking did not influence the parties involved in the Chittenango transaction; hence, insofar as defendants' theory rests on the premise that defendants' conduct had no effect on the latter transaction, it is flawed. Although it is so, as defendants observe, that it is not admissibility which determines discoverability, the fact is that they have failed to satisfactorily demonstrate that the information they seek is " 'sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' " *(Allen v Crowell-Collier Publ. Co., supra,* at 406-407, quoting 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.07; *see, Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.