■ STEPHEN B. AUERBACH, Appellant, v SAMUEL J. KLEIN, Respondent, et al., Defendants. [816 NYS2d 376]—

In a shareholder's derivative action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 25, 2005, which denied his motion, inter alia, for leave to serve subpoenas for certain banking and telephone records of the defendant Samuel J. Klein.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3101 (a), "full disclosure of all matter ma-

terial and necessary in the prosecution or defense of an action" is required. The phrase "material and necessary" should be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]). While the disclosure provisions of the CPLR are ordinarily to be construed liberally, "the scope of permissible discovery is not entirely unlimited and the trial court is invested with broad discretion to supervise discovery and to determine what is 'material and necessary' as that phrase is used in CPLR 3101 (a)" (*NBT Bancorp v Fleet/Norstar Fin. Group*, 192 AD2d 1032, 1033 [1993]).

Under the circumstances presented here, where the Supreme Court has been actively involved in managing the case and is intimately familiar with the particularities of the matter, we perceive no basis to disturb its determination that the plaintiff's discovery requests amounted to nothing more than a fishing expedition (*see Latture v Smith*, 304 AD2d 534, 536 [2003]). Accordingly, the Supreme Court properly denied the plaintiff's motion. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.