██ Kara R. McCann, Respondent, v Harleysville Insurance Company of New York, Appellant. (Appeal No. 1.) [910 NYS2d 614]—

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered August 19, 2009 in a personal injury action. The order denied the motion of defendant to compel disclosure.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced an action seeking damages for injuries she sustained when the vehicle she was operating collided with a vehicle driven by defendant's insured. Plaintiff thereafter settled that action and commenced the instant action against defendant seeking "supplementary uninsured/underinsured motorist coverage." In appeal No. 1, defendant appeals from an order denying its motion to compel disclosure of photographs and seeking "an authorization for plaintiff's Facebook account." According to defendant, the information sought was relevant with respect to the issue whether plaintiff sustained a serious injury in the accident. We conclude in appeal No. 1 that Supreme Court properly denied defendant's motion "as overly broad," without prejudice "to service of new, proper discovery demands" (*see generally Slate v State of New York*, 267 AD2d 839, 841 [1999]).

In appeal No. 2, defendant appeals from an order denying its subsequent motion seeking to compel plaintiff to produce photographs and an authorization for plaintiff's Facebook account information and granting plaintiff's cross motion for a protective order. Although defendant specified the type of evidence sought, it failed to establish a factual predicate with respect to the relevancy of the evidence (*see Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]). Indeed, defendant essentially sought permission to conduct "a fishing expedition" into plaintiff's Facebook account based on the mere hope of finding relevant evidence (*Auerbach v Klein*, 30 AD3d 451, 452 [2006]). Nevertheless, although we conclude that the court properly denied defendant's motion in appeal No. 2, we agree with defendant that the court erred in granting plaintiff's cross motion for a protective order. Under the circumstances presented here, the court abused its discretion in prohibiting defendant from seeking disclosure of plaintiff's Facebook account at a future date. We therefore modify the order in appeal No. 2 accordingly. Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.