CONNELL FRIEL et al., Appellants, v CHARLES E. PAPA et al., Respondents. [930 NYS2d 39]—

Ordered that the order dated March 2, 2010, is modified, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel the defendant William Murphy to produce his correspondence and other written communications with the Vatican regarding the defendant Charles E. Papa; as so modified, the order dated March 2, 2010, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for an in camera review of the correspondence and other written communications of the defendant William Murphy with the Vatican regarding the plaintiffs' allegations in this action against the defendant Charles E. Papa, a determination as to whether those documents are privileged within the meaning of CPLR 4505, and a new determination thereafter of that branch of the plaintiffs' motion which was to compel disclosure of that correspondence and those communications.

In February 2000 the Reverend Charles E. Papa hired the plaintiff Connell Friel as the business manager of the St. Louis de Montfort R.C. Church in Sound Beach (hereinafter the Church). The Church falls within the jurisdiction of the Diocese of Rockville Centre (hereinafter the Diocese) and is administered by Bishop William Murphy. In December 2002 Friel learned that Papa had accessed numerous pornographic Web sites on Papa's parish computer, some of which allegedly included sexual images of young boys. Friel eventually reported this information to the supervisor of the Diocese's Office for the Protection of Children, who relayed the information to Murphy. In addition, the information from Friel was reported to the District Attorney of Suffolk County, who referred the matter to the Suffolk County Police Department, which determined that there was no criminal conduct.

In January 2003 Papa took a leave of absence from the Church to receive psychological and spiritual counseling at the St. John Vianney Center in Pennsylvania (hereinafter St. John). After Murphy reviewed Papa's medical records from St. John, he reinstated him as the pastor of the Church on June 11, 2003. On July 31, 2003, Papa fired Friel as the business manager of the Church.

In March 2004 Friel and his wife, Laura Friel, commenced this action against Murphy, Papa, the Diocese, the Church, and two members of the Church staff. The subsequent verified complaint, dated June 7, 2004, alleged that the defendants: (1) libeled and slandered Friel, injuring his good name, reputation, and livelihood; (2) wrongfully terminated Friel's employment in violation of Labor Law § 740 (commonly known as the "whistle-blowers' law"); and (3) caused Laura Friel to suffer emotional distress and the loss of her husband's companionship and financial support.

This is the third appeal to this Court in this action, all of which involve discovery matters (see *Friel v Papa*, 36 AD3d 754 [2007]; *Friel v Papa*, 56 AD3d 607 [2008]). The scope of discovery in a civil action is governed by CPLR 3101 (a), which provides, in relevant part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." The phrase "material and necessary" should be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). In other words, the requested information must be " 'sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' " (*id.* at 406-407, quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.07 [1st ed]).

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to compel Murphy to appear for an additional deposition to answer questions about his prior practices in response to allegations of sexual misconduct by priests under his supervision as the Vicar General and the Bishop of the Archdiocese of Boston. Although the disclosure provisions of the CPLR should be liberally construed, the scope of permissible discovery is not unlimited, and the Supreme Court is invested with broad discretion to supervise discovery (see *Auerbach v Klein*, 30 AD3d 451 [2006]; *NBT Bancorp v Fleet/Norstar Fin. Group*, 192 AD2d 1032 [1993]). Moreover, although, at trial, issues relating to credibility arising from Murphy's tenure in the Archdiocese of Boston may be raised within the discretion of the trial court, the Supreme Court's determination here to curtail the scope of questioning in this area at his deposition should not be disturbed on appeal (see *Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP*, 52 AD3d 370 [2008]; *Bakmezian v*

*St. Luke's Hosp.*, 259 AD2d 455 [1999]; *Mattocks v White Motor Corp.*, 258 AD2d 628 [1999]).

Similarly, the Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 2221 for leave to renew their motion to compel the disclosure of Papa's medical records from St. John. Contrary to the plaintiffs' contention, Papa did not waive the physician-patient privilege set forth in CPLR 4504 by allowing his supervisor, Murphy, to review his confidential medical records for the limited purpose of determining whether Papa could resume his duties as a pastor. Furthermore, Papa only executed an authorization which strictly limited the disclosure of his medical information to certain individuals for a limited period of time and purpose. This authorization cannot be construed as a blanket release to any and all persons who seek access to the patient's treatment records (*see Henry v Lewis*, 102 AD2d 430, 437 [1984]). In short, the alleged "new fact[ ]" that Murphy reviewed Papa's medical records does not warrant a change in the original determination that the documents were protected from disclosure by the physician-patient privilege (*see Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]).

Since the requested correspondence and other written communications between Murphy and the Vatican regarding the plaintiffs' allegations against Papa are sufficiently related to the issues in controversy, this matter must be remitted to the Supreme Court, Nassau County, for an in camera review of that correspondence and those written communications, a determination as to whether those documents are privileged, and a new determination thereafter on that branch of the plaintiffs' motion which was to compel disclosure of those documents. Skelos, J.P., Eng, Austin and Miller, JJ., concur.