# Dietrich v. Buy-Rite Liquidators, Inc.

C.P. of Northumberland County, No. CV-2011-700

*David B. Dowling,* for plaintiff.
*JoAnne E. Kinzel,* for defendant.

SAYLOR, *J.,* February 9, 2012—Presently before the court is defendant's motion to compel discovery, seeking a full and complete response to a request that plaintiff provide his cell phone bill for the date of the accident.[1] According to plaintiff's complaint, this action relates to an incident which occurred on September 19, 2009, when plaintiff was shopping at defendant's grocery outlet and while proceeding down the aisle way, turned to his left at an opening in the shelving units and tripped over an empty wooden pallet, causing him to break his upper left arm and injure his shoulder.

Defendant's contention in support of this request is that plaintiff tripped over the pallet because he was not paying attention, and the cell phone records are sought to determine if perhaps plaintiff was on the phone at the time of the accident, thus explaining why he did not see what defendant describes as an open and obvious

---

1. Defendant's request for production of documents, paragraph 11.

condition. Defendant also argues that the request is narrowly tailored and not overly burdensome, as all that is sought is the record from a single day. Plaintiff objects to this request as irrelevant and violating plaintiff's right to privacy, as there has been no indication that plaintiff was on the phone at the time of the accident, and plaintiff has responded, under penalty of perjury, that he was not using his cell phone at the time of the accident.[2]

## I

At the outset, plaintiff contends that the request for these records violates his right to privacy. At the time of argument, defendant further restructured its request to the one-hour time frame of 7:45 a.m. until 8:45 a.m. in relation to the general time of the accident, referred to as approximately 8:10 a.m., when plaintiff entered the business (Paragraph 4 of the complaint). However, the request before this court, as outlined in the motion to compel, is paragraph 11 of the request for production of documents, which states: "Your cell phone bill for the date of the accident."

Plaintiff correctly notes that the Pennsylvania Superior Court has held that the Pennsylvania Constitution recognizes an individual's right to privacy regarding numbers dialed by a person on their telephone. In *Commonwealth v. Beauford*, 475 A.2d 783, 791 (Pa. Super. 1984), the Superior Court stated:

---

2. Plaintiff's verified response to defendant's request for production of documents, paragraph 11, was as follows: "plaintiff specifically objects to this request as irrelevant. Without waiving said objection, plaintiff was not using a cell phone when he was injured." Discovery is in the earliest stage, as depositions of the parties have not yet been undertaken.

... we are convinced that a person picking up a telephone in his home or office fully expects that the number he is about to dial will remain as private as the contents of the communication he is about to have. That number provides a strong, sometimes conclusive inference as to whom is being called, unquestionably a private matter. The caller certainly evidences no intention to shed his veil of privacy merely because he chooses to use the telephone to make private contacts. In modern-day America the telephone call is a nearly indispensable tool used to conduct the widest range of business, government, political, social, and personal affairs...In any case we do not hesitate to say that a caller and the person he calls expect and are entitled to as much privacy in the fact they are talking to one another as in what they say to each other. *Id.* at 789.

Several years later, the Pennsylvania Supreme Court, in *Commonwealth v. Melilli*, 521 Pa. 405, 555 A.2d 1254 (1989) reviewed the issue of whether *Beauford* was properly decided by the Superior Court. In approving of the *Beauford* decision, the *Melilli* court noted:

While we remain cognizant of the appearance that federal standards allow greater latitude in law enforcement, it is clear to us that *Beauford* represents the marked trend of our state law to bring intrusions into telephone communications within the confines of an expectation of privacy under the State Constitution and thereby be subject to the requirements demonstrating probable cause...In *Beauford*, the Superior Court intended to equate telephone numbers with other

forms of telephone communication which are regarded as private. Telephone activities are largely of one piece, and efforts to create distinctions between numbers and conversational content are constitutionally untenable in our view. *Melilli* at 1258-1259.

Recently, the Superior Court again considered whether an individual had an expectation of privacy in their cell phone records in *Commonwealth v. Benson*, 10 A.3d 1268 (Pa. Super. 2010). Therein, the Superior Court reiterated: "It is clear after *Beauford*, that, under the Pennsylvania Constitution, an individual has a reasonable expectation of privacy in his own cellular telephone records." *Id.* at 1272-1273.[3]

Accordingly, in view of the case law clearly establishing an individual's right to privacy in their cell phone records, defendant's blanket request for the plaintiff's cell phone records for the date of the accident, without any factual evidence or other indicia of possible relevance, is an improper intrusion upon plaintiff's privacy.

## II

The inquiry does not stop with the foregoing analysis of the constitutionally protected privacy interests in cell phone records as defendant contends redaction of the cell phone numbers will fully protect plaintiff's concerns in this regard. At argument, defendant indicated it would amend to request only the time and duration of any incoming or

---

3. The precise issue before the court in *Benson*, however, was whether a person had a reasonable expectation of privacy in the cell phone records of a third party. The *Benson* court held that the ruling in *Beauford* did not extend such protection to a regular user of a phone owned by another.

outgoing calls during the relevant period of time, and that plaintiff could redact the phone numbers therein. Nonetheless, this court concludes that such a request is still not proper.

In response to defendant's amended request, plaintiff urged this court to consider guidance found in several trial court cases relating to discovery of information on social networking websites, including the opinion of the undersigned entered in the case of *Zimmerman v. Weis Markets*, No. CV-09-1535, 2011 WL 2065410 (Pa. Com. Pl. Northumberland, May 19, 2011). In *Zimmerman*, the undersigned found that based on a review of the publicly accessible information found on the personal injury plaintiff's social networking websites, there was a reasonable likelihood of additional relevant and material information on the non-public portions of these sites. Accordingly, this court granted the defendant's motion to compel access to these sites with respect to information that plaintiff had voluntarily made available. However, this court cautioned:

> [T]his [the holding that Facebook pages could be discoverable] should not be construed as an entitlement to this type of information in every personal injury case where damages are claimed, i.e. a carte blanche entitlement to Facebook and MySpace passwords, user names and log in names as part of a discovery request by way of interrogatories or request for production of documents, as that issue is not before the court at this time. Generally, this court is of the view that a motion for this special type of discovery must be made with

allegations of some threshold showing that the publicly accessible portions of any social networking site contain information that would suggest that further relevant postings are likely to be found by access to the non-public portions. See generally *McCann v. Harleysville Insurance Company*, 78 A.D.3d 1524 (N.Y.S. 2d 2010). As noted herein and in *Romano* [907 N.Y.S. 2d 650 (Suffolk Co. 2010)], a review of the publicly accessible portions of the Facebook and MySpace sites revealed relevant information, and thus, it was reasonable to expect that further evidence pertinent to the case would be found in the non-public portions of these sites. There must be some factual predicate for the examination of the non-public portions of social networking sites. So called "fishing expeditions" will not be authorized. *Zimmerman* at footnote 8.

The plaintiff in the case at bar also directed this court to *Arcq v. Fields, et al.*, Civil Action No. 2008-2430 (Pa. Com. Pl. Franklin, December 7, 2011), which discussed a similar request for access to social networking website information. The court in *Arcq,* after reviewing the *Zimmerman* case and *McMillen v. Hummingbird Speedway Inc.*, 2010 WL 4403285 (Pa. Com. Pl. Jefferson, September 9, 2010), denied the discovery request pending before it, noting that no basis was given for the requested discovery, and indeed the defendant did not even seem to know if plaintiff was in fact a member of any social networking websites.

Plaintiff also relies upon *Morano v. Slattery Skanska,* 846 N.Y.S. 2d 881 (Sup. Ct. Queens Co., 2007), a case involving a motor vehicle accident, where a subpoena

duces tecum was issued upon the plaintiff's cell phone provider for her cell phone records at the time of the accident. That court observed, by way of dictum, that in the event there is no evidence whatsoever of cell phone usage during the relevant time:

> ...it is the opinion of the court, that the mere fact that a defendant was in the possession of a cell phone at the time of an accident, without any witness testimony as to it being used at that time, would not entitle the plaintiff to said defendant's cell phone records, since such a discovery request would amount to nothing more than a fishing expedition. (see *Carpio v. Leahy Mechanical Corp.*, 30 A.D.3d 554, 816 N.Y.S.2d 762; *Auerbach v. Klein*, 30 A.D.3d 451, 816 N.Y.S.2d 376).[4]

The conclusion of the *Morano* court is sound. Without some indicia that a cell phone was being used at the time of the accident here, the blanket request, even for records redacted as far as the numbers called or calls received, cannot be reasonably calculated to lead to the discovery of admissible evidence, as no basis at all supports the request. See Pa.R.C.P. 4003.1(b).

To hold otherwise would grant unbridled access in

---

4. Interestingly, in the *Morano* case, the plaintiff produced an affidavit that he observed the defendant with an object in her hand held to her head immediately prior to the accident. Based on this affidavit, the *Morano* court conducted an in camera review of the cell phone records and disclosed the times and duration of the calls made during the relevant time period, and ordered defendant to disclose the numbers that were called. See also *Detraglia v. Grant*, 890 N.Y.S.2d 696, 697-98, 68 A.D.3d 1307, 1308 (Sup. Ct. App. Div. 2009)(permitting discovery of cell phone and internet usage records because the record contained information that the defendant may have been distracted by an electronic device immediately prior to the accident).

every personal injury case to the cell phone records of other parties. There is also nothing unique about defendant's contention here that the accident possibly occurred because of alleged inattentiveness on the plaintiff's part. Just about every accident, whether it be a premises liability claim or a motor vehicle accident, includes some element of inattentiveness on someone's part, somehow or somewhere. In this court's view, the discovery rules, even if broadly construed, do not countenance that in every negligence case a defendant can pro forma include in its stock discovery arsenal a request for cell phone records, even if redacted, for the date of the accident. Such a request in every case would be unduly burdensome to have a party and counsel go through the hoops with his or her phone service provider to obtain access to records that are likely several years old.[5]

As noted in *Zimmerman*, supra, some additional "factual predicate for the examination" is necessary under the discovery rules, as "fishing expeditions" will not be authorized. *Zimmerman*, supra, at footnote 8. The questionable relevance, the privacy rights, and the undue burden imposed on plaintiff are all too substantial to not give greater weight against disclosure, where defendant's request is based only on assumption or surmise.

Accordingly, based on the foregoing, the following order is hereby entered:

## ORDER

---

5. An examination of the undersigned's own account online with one of the largest cell phone providers, Verizon Wireless, indicates that these types of records are available online for only a period of twelve months. It is unclear how older records are obtained.

And now, February 9,  2012, after argument and upon due consideration of the briefs submitted by the respective parties, defendant's motion to compel is hereby denied.