## CIRCUIT COURT OF GREENSVILLE COUNTY

Hunter R. James

v.

Matthew Brian Edwards
and Breon Lamar Turlington

July 23, 2012

Case No. CL11-225

By Judge W. Allan Sharrett

Having considered the evidence and counsels' briefs on Defendant's motion to compel, the Court grants in part and denies in part Defendant's discovery requests. Although the requests seek information that is reasonably calculated to lead to the discovery of admissible evidence, they are overly broad. Thus, the Court will set limits on the amount and manner of access.

### Summary of Facts

On January 30, 2010, Matthew Brian Edwards and Hunter R. James were involved in a collision with a tractor-trailer driven by Breon Lamar Turlington on Interstate 95. Edwards was the driver of the vehicle and James was his front seat passenger. As a result of the accident, James sustained numerous bodily injuries, including skull fractures, epidural hematoma, and a collapsed lung.

In addition to these injuries, James has specifically alleged past, present, and future pain and mental anguish, lost earnings, future lost earnings, and loss of earning capacity, medical expenses and future medical and life care expenses, deformity, disfigurement, humiliation, embarrassment, and inconvenience. He has already undergone some treatment, including a craniotomy and physical therapy.

Edwards has obtained pictures of James partying and drinking alcohol since the accident. In addition, James' Facebook profile references his participation in binge drinking and at least one photograph depicts his post-accident injuries.

Plaintiff's counsel suggested that each party provide one another "with those Facebook messages by our clients that mention the accident or the injuries sustained in the accident." *See* Email from Irvin V. Cantor, Cantor Stoneburner Ford Grana & Buckner, to William J. Pfund, Kalbaugh, Pfund & Messersmith (Apr. 19, 2012).

Defendants' counsel felt this was insufficient and filed a motion to compel, requesting in part that James provide the web address, user name(s), and password(s) of any and all social networking sites or blogs to which he belongs, along with copies of the complete contents of any such sites and/ or blogs. James objects to the discovery request and asks the Court to deny the motion.

Note that only discovery of Plaintiff's Facebook account is at issue in this case. James does not participate in any blogs, and the only social networking sites to which he belongs are Facebook and Twitter. His Twitter account was primarily established to follow tweets related to the NFL and does not contain anything material to the accident, his injuries, or this case.

## Discussion

### Should the Court Grant Defendant's Motion To Compel?

Yes, the court should grant Defendant's motion to compel but not in its entirety. Rule 4:1(b)(1) of the Rules of the Supreme Court of Virginia governs the scope of discovery. It states: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

To be "relevant to the subject matter," the material sought must be "pertinent to the factual issue or issues involved . . . [and] when considered in connection with other evidence, [help] establish the defense or claim relied upon by [the party], or [add] force and strength to other evidence bearing upon the issue or issues presented." *McNeir v. Greer-Hale Chinchilla Ranch*, 194 Va. 623, 628, 74 S.E.2d 165, 169 (1953).

Accordingly, the party seeking discovery must establish a "factual predicate" with respect to the relevancy of the evidence. *McCann v. Harleysville Ins. Co. of N.Y.*, 78 A.D.3d 1524, 1525 (Nov. 12, 2010); *see also McMillen v. Hummingbird Speedway, Inc.*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 270, at *11-12 (Sept. 9, 2010) (finding Facebook comments about the plaintiff's fishing trip and attendance at the Daytona 500 race "could help prove either the truth or falsity of [his] alleged claims"); *Romano*

*v. Steelcase, Inc.*, 30 Misc. 3d 426, 430, 907 N.Y.S.2d 650, 654 (2010) (granting discovery of the plaintiff's social networking sites because "[her] Facebook shows her smiling happily in a photograph outside the confines of her home despite her claim that she has sustained permanent injuries and is largely confined to her house and bed").

In this case, Defendant has established a factual predicate. The drinking and partying depicted in Plaintiff's Facebook pictures, for example, may be relevant to the severity of his claimed injuries and would be helpful in evaluating the true extent of his long-term deficiencies. Accordingly, Defendant's discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Before such evidence can be presented to a jury, however, Defendant must establish that Plaintiff's Facebook pages contain information that is clearly inconsistent with his claimed injuries and/or establish a clear nexus between Plaintiff's injuries and his consumption of alcohol.

Plaintiff's contention that Defendant's discovery requests infringe upon his privacy expectations and the privacy expectations of third parties not connected to the present litigation is without merit. Facebook's privacy policies dispel any notion that information one chooses to share, even if only with one friend, will not be disclosed to anybody else. Facebook, http://www.facebook.com/full_data_use_policy (revised June 8, 2012) ("[I]nformation you share on Facebook can be re-shared. This means that if you share something on Facebook, anyone who can see it can share it with others.")

Such disclaimers put Facebook users on notice "that regardless of their subjective intentions when sharing information, their communications could nonetheless be disseminated by the friends with whom they share it, or even by Facebook at its discretion." *McMillen*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 270, at *7. Plaintiff has put his mental and physical state at issue by filing the present lawsuit and has affirmatively chosen to share potentially relevant information with others on the Internet. His privacy expectations are therefore misplaced.

Plaintiff also contends that Defendant's discovery requests would lead to the disclosure of information that is not relevant to this matter. The Court agrees. Nevertheless, one cannot reasonably expect all information contained on a social networking site to be material to a case. Because Defendant has met the threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence, his requests do not amount to a proverbial fishing expedition. The interest of efficient discovery outweighs Plaintiff's interest in controlling exactly what information is disseminated to opposing counsel.

Lastly, Plaintiff contends that Defendant's discovery requests are over broad because they are not restricted to any period of time. Again, the Court agrees. In a similar case in which the defendant's requests were deemed

"overly broad," the court permitted the defendant to serve new, proper discovery requests. *McCann*, 78 A.D.3d at 1525. In this case, however, the Court will permit the discovery requests but set limits on the amount and manner of access.

The Court hereby orders, therefore, that Defendant's motion to compel is granted in part and denied in part. Defendant's counsel is entitled to view all portions of Plaintiff's Facebook Account from January 30, 2009, until the present. This timeframe will help provide a point of reference, allowing counsel to determine Plaintiff's mental and/or physical condition and/or status both before and after the subject accident.

Plaintiff must provide his Facebook username and password to his attorney, who is entitled to be present during the viewing of such material. Plaintiff shall not be required to provide his username or password to Defendant's counsel, but must take the necessary steps to provide Defendant's counsel access to the above described content and material. Counsel are directed to reach an agreement as to a manner in which access to Plaintiff's Facebook account will be given to Defendant's counsel. The Defendant himself may not be present during this process.

It is further ordered that Plaintiff not delete any content from his Facebook account. Such admonishment remains in effect until the conclusion of the examination of Plaintiff's Facebook account. Any incriminating information already deleted may be used to undermine Plaintiff's credibility. Lastly, Defendant's counsel must provide copies of any content from Plaintiff's Facebook account which it copies and which counsel intends (or reserves the right) to use as evidence or for any other purpose at the trial of this case to Plaintiff's counsel.