# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**970**

**CA 11-02294**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

CHARLOTTE KREGG, AS GUARDIAN OF CHRISTOPHER M.
WILLIAMS, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

EILEEN MALDONADO, ET AL., DEFENDANTS,
AMERICAN SUZUKI MOTOR CORPORATION AND SUZUKI
MOTOR CORPORATION OF JAPAN,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

WEBSTER SZANYI LLP, BUFFALO (THOMAS S. LANE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L.
Michalski, A.J.), entered August 5, 2011.  The order, insofar as
appealed from, granted that part of the motion of defendants American
Suzuki Motor Corporation and Suzuki Motor Corporation of Japan seeking
to compel plaintiff to disclose computer records regarding the use of
social media.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and that part of the
motion seeking disclosure of all social media account records
maintained by or on behalf of Christopher M. Williams is denied in
accordance with the following Memorandum:  Plaintiff, as limited by
her brief, appeals from an order insofar as it granted that part of
the motion of defendants Suzuki Motor Corporation of Japan and
American Suzuki Motor Corporation (collectively, Suzuki defendants) to
compel the disclosure of all social media account records concerning
plaintiff's son (hereafter, injured party), who was involved in a
motor vehicle accident while driving a motorcycle manufactured and
distributed by the Suzuki defendants.  After initial disclosure
exchanges, the Suzuki defendants learned that family members of the
injured party had established Facebook and MySpace accounts for him
and had made Internet postings on his behalf in connection with those
accounts.  The Suzuki defendants moved, inter alia, to compel the
disclosure of the "entire contents" of those and any other social
media accounts maintained by or on behalf of the injured party.
Plaintiff objected to such disclosure on the grounds of relevance and
burden, contending that the demand for disclosure was a "fishing
expedition."  Supreme Court agreed with the Suzuki defendants that

they were entitled to such disclosure.  That was error.

Although CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action," it is well settled that a party need not respond to discovery demands that are overbroad (*see Optic Plus Enters., Ltd. v Bausch & Lomb Inc*., 35 AD3d 1263, 1263).  Where discovery demands are overbroad, " 'the appropriate remedy is to vacate the entire demand rather than to prune it' " (*Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc*., 78 AD3d 752, 753).  In *McCann v Harleysville Ins. Co. of N.Y.* (78 AD3d 1524, 1525), we addressed a similar discovery demand and concluded that the request for access to social media sites was made without "a factual predicate with respect to the relevancy of the evidence" (*see Crazytown Furniture v Brooklyn Union Gas Co*., 150 AD2d 420, 421).  Here, as in *McMann*, there is no contention that the information in the social media accounts contradicts plaintiff's claims for the diminution of the injured party's enjoyment of life (*cf. Romano v Steelcase, Inc*., 30 Misc 3d 426, 427).  As in *McCann*, the proper means by which to obtain disclosure of any relevant information contained in the social media accounts is a narrowly-tailored discovery request seeking only that social-media-based information that relates to the claimed injuries arising from the accident.  Thus, we deny that part of the Suzuki defendants' motion to compel the disclosure of the entire contents of the injured party's social media accounts, without prejudice to the service of a more narrowly-tailored disclosure request.

Entered:  September 28, 2012                 Frances E. Cafarell
                                             Clerk of the Court