In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered April 16, 2012, which denied their motion pursuant to CELR 3126, inter alia, to strike the answer of the defendant Steven Weinstein, or to impose costs and sanctions and to compel him to appear for a deposition in Queens County, and granted the cross motion of the defendant Steven Weinstein for a protective order precluding the plaintiffs from conducting any further depositions of him.
Ordered that the order is affirmed, with costs.
*1034 A preliminary conference order provided, inter alia, that the deposition of the defendant Steven Weinstein was to be held at the office of his counsel in Nassau County. Following that deposition, the plaintiffs moved to compel an additional deposition of Weinstein, and the Supreme Court granted that relief. The attorneys for the plaintiffs and Weinstein then exchanged correspondence in which Weinstein’s attorney insisted that the additional deposition take place at his office in Nassau County, and the plaintiffs’ attorney insisted that the additional deposition take place in Queens, where the action was venued. On the scheduled date of the additional deposition, Weinstein was present at his counsel’s office in Nassau County, while the plaintiffs’ counsel was at the office of a reporting service in Queens. Following Weinstein’s failure to appear at the Queens location, the plaintiffs moved pursuant to CPLR 3126 to strike Weinstein’s answer for his failure to comply with the court’s order, or in the alternative, to impose costs and sanctions and to compel him to appear for a deposition in Queens County. Weinstein cross-moved for a protective order precluding any further depositions of him, based on the plaintiffs’ counsel’s failure to appear at the additional deposition in Nassau County. The Supreme Court denied the plaintiffs’ motion and granted Weinstein’s cross motion.
The scope of discovery in a civil action is governed by CPLR 3101 (a) (see Friel v Papa, 87 AD3d 1108, 1110 [2011]; Auerbach v Klein, 30 AD3d 451, 451-452 [2006]). The supervision of discovery is generally left to the broad discretion of the trial court, which may issue a protective order to restrict discovery and prevent abuse (see Geffner v Mercy Med. Ctr., 83 AD3d 998 [2011]; Latture v Smith, 304 AD2d 534, 536 [2003]).
The extreme sanction of striking Weinstein’s answer was not warranted by the conduct herein, which does not support an inference of willful and contumacious conduct (see Pinto v Tenenbaum, 105 AD3d 930, 931 [2013]; Boeke v Our Lady of Pompei School, 73 AD3d 825, 826 [2010]; Sullivan v Nigro, 48 AD3d 454 [2008]; cf. Reid v Schoenthal, 288 AD2d 203, 204 [2001]). In addition, contrary to the plaintiffs’ contentions, there was no basis in the record for an award of costs or sanctions based on Weinstein’s alleged noncompliance with court-ordered discovery (see Knoch v City of New York, 109 AD3d 459 [2013]; O’Neill v Ho, 28 AD3d 626, 627 [2006]).
Furthermore, the Supreme Court providently exercised its discretion in precluding further depositions of Weinstein (see Friel v Papa, 87 AD3d 1108 [2011]; Auerbach v Klein, 30 AD3d 451 [2006]; Latture v Smith, 304 AD2d at 536).
Dickerson, J.R, Leventhal, Hall and Lott, JJ., concur.