A.O. v Diocese of Brooklyn (2025 NY Slip Op 06713)

A.O. v Diocese of Brooklyn

2025 NY Slip Op 06713

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-13443
 (Index No. 505170/20)

[*1]A.O., respondent, 
v
Diocese of Brooklyn, appellant, et al., defendants.

Peknic, Peknic & Schaefer, LLP, Long Beach, NY (Charles M. Peknic of counsel), for appellant.
Bonina & Bonina, P.C. (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, retention, and supervision, the defendant Diocese of Brooklyn appeals from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated October 23, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel the defendant Diocese of Brooklyn to produce certain portions of two personnel files and denied that branch of that defendant's cross-motion which was pursuant to CPLR 3103(a) for a protective order preventing disclosure of those portions of the personnel files.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2020, the plaintiff commenced this action pursuant to CPLR 214-g against the defendant Diocese of Brooklyn (hereinafter the Diocese), among others, asserting causes of action sounding in, inter alia, negligent hiring, retention, and supervision. The plaintiff alleged, among other things, that from 1981 to 1983, while he was attending St. Finbar's School, the Diocese negligently failed to prevent sexual abuse allegedly perpetrated upon the plaintiff by Sal Capolarello and Anthony Failla (hereinafter together the alleged perpetrators), priests employed by the Diocese.
During discovery, the Diocese provided the plaintiff redacted copies of the alleged perpetrators' personnel files. In March 2024, the plaintiff moved, inter alia, to compel the Diocese to produce unredacted copies of the personnel files. The Diocese thereafter cross-moved pursuant to CPLR 3103(a) for a protective order preventing disclosure of the redacted portions of the personnel files on the grounds that those portions were privileged or not relevant to the plaintiff's causes of action. In an order dated October 23, 2024, the Supreme Court, after an in camera inspection of the personnel files, among other things, granted that branch of the plaintiff's motion which was to compel the Diocese to produce certain portions of the personnel files and denied that branch of the Diocese's cross-motion which was pursuant to CPLR 3103(a) for a protective order preventing disclosure of those portions of the personnel files. The Diocese appeals.
"'Pursuant to CPLR 3101(a), [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (C.T. v Diocese of Brooklyn, 239 AD3d 784, [*2]785 [internal quotation marks omitted], quoting Smith-Percival v MTA Bus Co., 232 AD3d 928, 929). "The words material and necessary as used in section 3101 must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (id. [internal quotation marks omitted]; see Lurie v Lurie, 226 AD3d 992, 995). "'[A]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible'" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774 [internal quotation marks omitted], quoting Cajamarca v Osatuk, 163 AD3d 619, 620). "Personnel records generally are discoverable where, as here, a plaintiff alleges a cause of action to recover damages for negligent hiring, retention, or supervision" (C.T. v Diocese of Brooklyn, 239 AD3d at 786; see Holloway v Orthodox Church in Am., 232 AD3d at 774). "'However, a party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (C.T. v Diocese of Brooklyn, 239 AD3d at 786 [internal quotation marks omitted], quoting Smith-Percival v MTA Bus Co., 232 AD3d at 929). "'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court'" (Holloway v Orthodox Church in Am., 232 AD3d at 774, quoting Pulgarin v Richmond, 219 AD3d 1356, 1358). "'The essential test is usefulness and reason'" (C.T. v Diocese of Brooklyn, 239 AD3d at 785 [internal quotation marks omitted], quoting Smith-Percival v MTA Bus Co., 232 AD3d at 929). "'A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery'" (S.E. v Diocese of Brooklyn, 240 AD3d 741, 743 [internal quotation marks omitted], quoting Coads v Nassau County, 231 AD3d 906, 908).
"Civil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286; see S.E. v Diocese of Brooklyn, 240 AD3d at 743). Here, contrary to the Diocese's contention, certain documents at issue in the personnel files "were not sought to evaluate or resolve an internal religious dispute but, instead, to prove that the Diocese had knowledge of [the alleged perpetrators'] propensity to abuse children" (S.E. v Diocese of Brooklyn, 240 AD3d at 743).
Additionally, the Supreme Court properly determined that certain portions of the personnel files were not subject to redaction pursuant to CPLR 4505, the priest-penitent privilege, as the Diocese failed to establish that such documents were related to a communication that Failla "made in confidence and for the purpose of obtaining spiritual guidance" (S.E. v Diocese of Brooklyn, 240 AD3d at 743 [internal quotation marks omitted]; see People v Carmona, 82 NY2d 603, 609). Moreover, certain portions of the personnel files were not subject to redaction pursuant to CPLR 4504, the physician-patient privilege, and CPLR 4507, the client-psychologist privilege (see Maida v Diocese of Brooklyn, _____ AD3d _____, 2025 NY Slip Op 06314; S.E. v Diocese of Brooklyn, 240 AD3d at 743). The Diocese failed to demonstrate that Failla released his medical records to the Diocese subject to a limited authorization (see Maida v Diocese of Brooklyn, _____ AD3d _____, 2025 NY Slip Op 06314; cf. Friel v Papa, 87 AD3d 1108, 1111).
Contrary to the Diocese's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to compel the Diocese to produce certain portions of the personnel files that related to the Diocese's investigation into allegations against the alleged perpetrators that postdated their alleged abuse of the plaintiff and in denying that branch of the Diocese's cross-motion which was pursuant to CPLR 3103(a) for a protective order preventing disclosure of those portions of the personnel files (see C.T. v Diocese of Brooklyn, 239 AD3d at 786).
The Diocese's remaining contentions are without merit.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court