■ WILLIAMS REAL ESTATE CO., INC., Respondent, v VIKING PENGUIN, INC., et al., Appellants. [628 NYS2d 267] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 24, 1994, which, to the extent appealed from, denied defendants' motion to compel plaintiff to produce certain documents requested in defendants' Second Notice for Discovery and Inspection, unanimously affirmed, with costs.

While CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action", the test is one of usefulness and reason, measured by whether the information sought is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407). In this case, defendants' request for various categories of other contracts is clearly overbroad in relation to the limited usefulness of the information for impeachment or cross examination purposes. It is not the court's responsibility to prune such requests (*Bohlen Capital Holdings v Standard Coal Co.*, 90 AD2d 476), and the IAS Court did not improvidently exercise its discretion in directing their vacatur. Indeed, the better practice is for defendants to depose the relevant witnesses, determine whether there were, in fact, any written contracts of a similar nature or duration as the purported oral contract in this case (*see, e.g., U.S. Ice Cream Corp. v Carvel Corp.*, 190 AD2d 788), and, if so, re-serve a more narrowly drawn document request to reflect the items identified during depositions (*Ehrlich v Ehrlich*, 74 AD2d 519; *Rios v Donovan*, 21 AD2d 409). Concur—Ellerin, J. P., Kupferman, Asch, Williams and Tom, JJ.