■ SANDRA PIEDRABUENA ABRAMS, Appellant, v DANIELLE PECILE, Respondent. [922 NYS2d 16]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 7, 2010, which, to the extent appealed from, granted defendant's motion to compel certain discovery to the extent of directing plaintiff to comply with any outstanding discovery demands, unanimously reversed, on the law and the facts, without costs, and the motion denied.

In this action for, among other things, conversion and intentional infliction of emotional distress, plaintiff alleges that defendant, a former employee of plaintiff's husband, retained, without permission, a copy of a CD containing seminude photographs of plaintiff taken by her husband during their honeymoon. Plaintiff further alleges that defendant refused to return the CD and photographs unless plaintiff's husband paid defendant $2.5 million to settle her sexual harassment claims brought against plaintiff's husband and his brother.

Supreme Court improvidently exercised its discretion in ordering plaintiff to comply with the outstanding discovery demands. With respect to defendant's demand for access to plaintiff's social networking accounts, no showing has been made that "the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Vyas v Campbell*, 4 AD3d 417, 418 [2004] [internal quotation marks and citation omitted]; *see also McCann v Harleysville Ins. Co. of N.Y.*, 78 AD3d 1524, 1525 [2010]). Because plaintiff admits that she has copies of the photographs contained on the subject CD, defendant has also failed to show that she needs access to plaintiff's hard drive in order to defeat plaintiff's conversion claim. Nor has defendant shown that broad discovery concerning plaintiff's finances, education, immigration status, and educational background is "material and necessary" (CPLR 3101 [a]).

With respect to defendant's demand for materials prepared in anticipation of litigation, defendant has failed to show "substantial need" for the materials or that she is "unable without undue hardship to obtain the substantial equivalent of the materials by other means" (*Santariga v McCann*, 161 AD2d 320, 321-322 [1990]; *see* CPLR 3101 [d] [2]). Further, defendant is not entitled to privileged communications between plaintiff and her prior counsel (*see* CPLR 4503 [a]).

Discovery of materials concerning plaintiff's family and her husband's business should be obtained through nonparty discovery pursuant to CPLR 3101 (a) (4).

Defendant's remaining discovery demands are either overbroad or irrelevant. Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.