■ Russell Patterson, Appellant, v Turner Construction Company et al., Respondents. [931 NYS2d 311]—

Plaintiff claims damages for physical and psychological injuries, including the inability to work, anxiety, posttraumatic stress disorder, and the loss of enjoyment of life. Although the motion court's in camera review established that at least some of the discovery sought "will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Abrams v Pecile*, 83 AD3d 527, 528 [2011] [internal quotation marks and citation omitted]), it is possible that not all Facebook communications are related to the events that gave rise to plaintiff's cause of action (*see Offenback v L.M. Bowman, Inc.*, 2011 WL 2491371, *2, 2011 US Dist LEXIS 66432, *5-8 [MD Pa 2011]). Accordingly, we reverse and remand for a more specific identification of plaintiff's Facebook information that is relevant, in that it contradicts or conflicts with plaintiff's alleged restrictions, disabilities, and losses, and other claims.

The postings on plaintiff's online Facebook account, if relevant, are not shielded from discovery merely because plaintiff used the service's privacy settings to restrict access (*Romano v Steelcase Inc.*, 30 Misc 3d 426, 433-434 [2010]), just as relevant matter from a personal diary is discoverable (*see Faragiano v Town of Concord*, 294 AD2d 893, 894 [2002]).

Dismissal of the appeal from the January 24, 2011 order is warranted because the order does not affect a substantial right and is not otherwise appealable as of right (*see Marriott Intl. v Lonny's Hacking Corp.*, 262 AD2d 10 [1999]; *Garcia v Montefiore Med. Ctr.*, 209 AD2d 208, 209 [1994]; CPLR 5701 [a] [2] [v]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.