In an action to recover damages for personal injuries, etc., the defendants Dunn Trucking, Inc., and Michael Wayne Dean appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J), dated February 3, 2011, as denied their motion to preclude the plaintiffs Michelle Te McCarthy and Jadeen Richards from offering evidence on the issue of damages and granted the cross motion of those plaintiffs *729 for a protective order pursuant to CPLR 3103 striking a demand for authorizations dated March 30, 2010, seeking access to all status reports, emails, photographs, and videos posted on the plaintiffs’ Facebook profiles since the date of the subject accident.
Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the cross motion of the plaintiffs Michelle’le McCarthy and Jadeen Richards which was for a protective order pursuant to CPLR 3103 striking so much of the demand for authorizations dated March 30, 2010, as sought access to all status reports, emails, photographs, and videos posted on the Facebook profile of the plaintiff Michelle’le McCarthy since the date of the subject accident; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an in camera inspection of all status reports, emails, photographs, and videos posted on the Facebook profile of the plaintiff Michelle’le McCarthy since the date of the subject accident, to determine which of those materials, if any, are relevant to her alleged injuries, and thereafter a new determination of that branch of the cross motion which was for a protective order pursuant to CPLR 3103 striking so much of the demand for authorizations dated March 30, 2010, as related to the plaintiff Michelle’le McCarthy.
The plaintiffs Michelle Te McCarthy and Jadeen Richards (hereinafter together the injured plaintiffs), among others, commenced this action to recover damages for personal injuries arising out of an automobile accident. At a deposition conducted in July 2009, McCarthy testified that she sustained injuries as a result of the accident that impaired her ability to play sports, and caused her to suffer pain that was exacerbated in cold weather. In searching portions of McCarthy’s Facebook profile that were not blocked by privacy settings, the attorneys for the defendants Dunn Trucking, Inc., and Michael Wayne Dean (hereinafter together the Dunn defendants) discovered photographs, dated January 2010, depicting McCarthy on skis in the snow. The Dunn defendants then served a demand for authorizations dated March 30, 2010, seeking access to all status reports, emails, photographs, and videos posted on the injured plaintiffs’ Facebook profiles since the date of the accident. After the injured plaintiffs objected to the request, the Dunn defendants moved to preclude the injured plaintiffs from offering evidence on the issue of damages, based on their failure to provide such authorizations. The injured plaintiffs cross-moved for a *730 protective order striking the demand for authorizations. The Supreme Court denied the Dunn defendants’ motion and granted the injured plaintiffs’ cross motion, but directed that the injured plaintiffs send the Dunn defendants copies of “every photo on Facebook” evidencing the injured plaintiffs “participating in a sporting activity.”
The Dunn defendants demonstrated that McCarthy’s Face-book profile contained a photograph that was probative of the issue of the extent of her alleged injuries, and it is reasonable to believe that other portions of her Facebook profile may contain further evidence relevant to that issue. Thus, with respect to McCarthy’s Facebook profile, the Dunn defendants made a showing that at least some of the discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on her claim (see Patterson v Turner Constr. Co., 88 AD3d 617, 618 [2011]; cf. Abrams v Pecile, 83 AD3d 527, 528 [2011]; McCann v Harleysville Ins. Co. of N.Y., 78 AD3d 1524, 1525 [2010]). While the Supreme Court directed the injured plaintiffs to provide the Dunn defendants with copies of photographs depicting them participating in sporting activities, McCarthy’s Facebook profile may also contain other items such as status reports, emails, and videos that are relevant to the extent of her alleged injuries. However, due to the likely presence in McCarthy’s Facebook profile of material of a private nature that is not relevant to this action, the Supreme Court should conduct an in camera inspection of all status reports, emails, photographs, and videos posted on McCarthy’s Facebook profile since the date of the subject accident to determine which of those materials, if any, are relevant to her alleged injuries (see Patterson v Turner Constr. Co., 88 AD3d at 618). Accordingly, we remit the matter to the Supreme Court, Kings County, to conduct such an in camera inspection, and thereafter for a new determination of that branch of the injured plaintiffs’ cross motion which was for a protective order pursuant to CPLR 3103 striking so much of the demand for authorizations dated March 30, 2010, as related to McCarthy.
With respect to the contents of the Facebook profile of Jadeen Richards, however, the Dunn defendants failed to make a showing that the disclosure of such materials will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on her claim (see Kregg v Maldonado, 98 AD3d 1289, 1290 [2012]; Abrams v Pecile, 83 AD3d at 528; McCann v Harleysville Ins. Co. of N.Y., 78 AD3d at 1525). Accordingly, the Supreme Court properly *731 granted that branch of the injured plaintiffs’ cross motion which was for a protective order striking so much of the demand dated March 30, 2010, as related to Richards.
The Dunn defendants’ remaining contentions are without merit. Dillon, J.E, Lott, Roman and Cohen, JJ., concur.