■ TYLER N. TAPP, Respondent, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Appellants. [958 NYS2d 392]—·

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 8, 2012, which, in this personal injury action, denied defendants' motion to compel an authorization for plaintiff's Facebook records compiled after the incident alleged in the complaint, including any records previously deleted or archived, unanimously affirmed, without costs.

The motion court correctly determined that plaintiff's mere possession and utilization of a Facebook account is an insufficient basis to compel plaintiff to provide access to the account or to have the court conduct an in camera inspection of the account's usage. To warrant discovery, defendants must establish a factual predicate for their request by identifying relevant information in plaintiff's Facebook account—that is, information that "contradicts or conflicts with plaintiff's alleged restrictions, disabilities, and losses, and other claims" (*Patterson v*

*Turner Constr. Co.*, 88 AD3d 617, 618 [1st Dept 2011]; *see Kregg v Maldonado*, 98 AD3d 1289, 1290 [4th Dept 2012]). Defendants failed to identify relevant information.

Defendants' argument that plaintiff's Facebook postings "may reveal daily activities that contradict or conflict with" plaintiff's claim of disability amounts to nothing more than a request for permission to conduct a "fishing expedition" (*see e.g. McCann v Harleysville Ins. Co. of N.Y.*, 78 AD3d 1524, 1525 [4th Dept 2010]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ.