OPINION OF THE COURT
Per Curiam.
Order, entered March 12, 2012, modified to the extent of directing plaintiff to produce her Facebook records compiled on or after the date of the accident for an in camera review of those records, and thereafter for a de novo determination of defendant’s discovery motion; as modified, order affirmed, without costs.
The infant plaintiff claims damages for physical and psychological injuries, including the inability to engage in social activities, anxiety, depression, and post-traumatic stress disorder. Defendant demonstrated that plaintiffs Facebook profile contained photographs that were probative of the issue of the extent of her alleged injuries, and it is reasonable to believe that other portions of her Facebook records may contain further evidence relevant to that issue (see Patterson v Turner Constr. Co., 88 AD3d 617 [2011]; see also Richards v Hertz Corp., 100 AD3d 728 [2012]). In these circumstances, and since “it is possible that not all Facebook communications are related to the events that gave rise to plaintiffs cause of action” (Patterson v Turner Constr. Co., 88 AD3d at 618), the appropriate course is to remand the matter for an in camera inspection of plaintiffs Facebook records, to determine which of those records, if any, are relevant to plaintiffs alleged injuries. To the extent that a thorough in camera inspection may prove unduly burdensome, the trial court retains broad discretion to set reasonable terms and conditions thereon (see generally Downing v Moskovits, 58 AD3d 671 [2009]; Gillen v Utica First Ins. Co., 41 AD3d 647 [2007]), including the right to direct plaintiff to conduct an initial review of her own Facebook account, and limit the in camera inspection to items whose discoverability is contested by plaintiff (see Offenback v L.M. Bowman, Inc., 2011 WL 2491371, *3 n 3, 2011 US Dist LEXIS 66432, *8 n 3 [MD Pa 2011]).
Schoenfeld, J.E, Shulman and Hunter, Jr., JJ., concur.