■ SAMUEL ALAN SPEARIN, Appellant, v LINMAR, L.P., et al., Respondents. [11 NYS3d 156]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 2, 2014, which, insofar as appealed from as limited by the briefs, upon defendant Linmar, L.P.'s motion pursuant to CPLR 3126 and 3124, ordered plaintiff to provide an authorization for access to his Facebook account records from the date of the subject accident to the present, unanimously reversed, on the law and the facts, without costs, and the matter remanded for an in camera review of plaintiff's post-accident Facebook postings for identification of information relevant to plaintiff's alleged injuries.

Defendant established a factual predicate for discovery of relevant information from private portions of plaintiff's Facebook account by submitting plaintiff's public profile picture from his Facebook account, uploaded in July 2014, depicting plaintiff sitting in front of a piano, which tends to contradict plaintiff's testimony that, as a result of getting hit on the head by a piece of falling wood in July 2012, he can longer play the piano (see Tapp v New York State Urban Dev. Corp., 102 AD3d 620 [1st Dept 2013]; Richards v Hertz Corp., 100 AD3d 728 [2d Dept 2012]). However, the direction to plaintiff to provide access to all of his post-accident Facebook postings is overbroad. We remand for an in camera review of plaintiff's post-accident Facebook postings for identification of information relevant to his alleged injuries (see Richards, 100 AD3d at 730). Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.