*181 OPINION OF THE COURT
Lawrence H. Ecker, J.
Plaintiff, in this contested matrimonial matter, seeks the following items of pendente lite relief from defendant:
A. Temporary custody of the parties’ child (age four);
B. Appointing a law guardian on behalf of the child;
C. Directing defendant to cease and desist and refrain from permitting and/or authorizing any third party from picking up the child from his day care facility, or from his occupational therapy classes, unless authorized by plaintiff or this court;
D. Consolidating the Family Court offense matter with this matter;
E. Directing defendant to turn over printouts of all pictures, posts and information posted on her Facebook pages over the past four years or, in the alternative, should defendant not voluntarily produce said records, that defendant be directed to turn over all computer hard drives, data storage systems, flash drive/memory sticks and CD/DVDs created by defendant to plaintiff’s retained expert;
F. Directing defendant to turn over a copy of the SD card of defendant’s smartphone or iPhone, within 10 days of the court’s order;
G. Awarding plaintiff costs and fees associated with the retention of a computer forensic expert in the event defendant fails to disclose and voluntarily produce the records and data set forth in paragraphs F and G hereinabove; and
H. Such other and further relief.
As to the above demands, items A through D have been resolved on the record during the court appearances that have taken place thus far. The court is now prepared to make its rulings on items E through G, which relate to plaintiff’s requests for an order for defendant to produce electronic data, which he believes will demonstrate that he has been the primary caretaker of their child.
Background
The parties were married on July 3, 2010. There is one child of the marriage, who is four years old. The parties are embroiled in a custody dispute. The antagonism between the parties has been made apparent to the court during their appearances. Plaintiff is presently a defendant in a family offense proceeding, and is the subject of a temporary order of protection.
*182 In the instant action, the parties are each challenging the amount of time the other has spent with the child since his birth and until the commencement of this action. During this time frame, plaintiff has worked locally as a social worker counselor. Defendant works as a medical doctor and psychiatrist. It is undisputed that she has been required to travel frequently outside of New York for work.
Plaintiff seeks an order directing defendant to turn over printouts of all pictures, posts and information posted on her Facebook pages over the past four years. In the alternative, if she does not voluntarily produce said records, plaintiff requests she be directed to turn over all computer hard drives, data storage systems, flash drives/memory sticks and CD/DVDs created by defendant to plaintiff’s retained expert, together with turning over a copy of the SD card of defendant’s smartphone or iPhone which is used to take pictures. Plaintiff believes that this data will show that it is he, and not she, who has spent the majority of time with the child during the past four years.*
In support of his demands E, F and G, plaintiff alleges in paragraph 33 of his affidavit, sworn to April 2, 2015, that defendant would upload pictures and post comments to her Face-book page as to her travels and that these postings will confirm her time away from the child. Plaintiff also believes that defendant has recently deactivated her Facebook account, thus removing or eliminating the proof of her time away. Plaintiff includes, as an exhibit, a calendar he marked up (exhibit 1), which he claims demonstrates defendant’s time away from the child from January 2014 through March 2015.
In her affidavit in opposition, defendant disputes the accuracy of plaintiff’s exhibit 1. She avers that she has been the primary caretaker for the child, and as such, from time to time she traveled with the child, and when she did so, she arranged for day care or paid to have the nanny accompany them (exhibit A). Defendant submits copies of airline records and credit card receipts, which she contends will confirm the dates when the child traveled with her (exhibits B, C, D). Relative to plaintiff’s claim that he has been denied access to defendant’s Facebook postings, she claims the postings are not proof of her travel dates, that she has not deleted any pictures she posted, and that the Facebook postings are not “resident on any of my *183 computers or devices.” Specifically, at paragraph 16 of her affidavit, she represents that “(e)very picture I ever uploaded to Facebook is still online and accessible by the plaintiff through Facebook.” She alleges that he emailed her on March 25, 2015 (exhibit F) stating “I PRINTED EVERYTHING BEFORE YOU TOOK IT DOWN NICE TRY.”
In his reply affidavit, plaintiff denies defendant’s assertion that the photographs she posted on Facebook are still available for his viewing. At the same time, he does not deny that he sent the email referenced above, or rebut her assertion that her Facebook postings will not appear on her hard drive, cell phone, or any other device.
Legal Analysis
A party demanding access to social networking accounts must demonstrate that the request will lead to “the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims.” (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011].) CPLR 3101 provides that there shall be full disclosure of all matter material and necessary to the prosecution or defense of an action, regardless of the burden of proof.
A person’s use of privacy settings on social media, such as Facebook, restricting the general public’s access to private postings does not, in and of itself, shield the information from disclosure if portions of the material are material and relevant to the issues of the action. (See Patterson v Turner Constr. Co., 88 AD3d 617 [1st Dept 2011]; Richards v Hertz Corp., 100 AD3d 728, 730 [2d Dept 2012], citing Patterson.)
Courts will not, however, condone what amounts to a fishing expedition. Broad, unsubstantiated demands for social media records will be rejected. In Abrams v Pecile, the Court rejected defendant’s demand for access to the plaintiff’s social media accounts because the defendant failed to make a showing that access would result in the disclosure of relevant evidence. In Caraballo v City of New York (2011 NY Slip Op 30605[U] [Sup Ct, Richmond County 2011]), the court denied defendant’s demand for access to plaintiff’s current and historical social media accounts, including all deleted pages and related information. The discovery demand was determined to be overly broad as defendant failed to establish a factual predicate with respect to the relevancy of the information the sites may contain.
In Spearin v Linmar, L.P. (129 AD3d 528 [1st Dept 2015]), a personal injury case, the Court found that the defendant *184 established a factual predicate for discovery of relevant information from private portions of plaintiffs Facebook account based upon its submissions of plaintiff’s public profile picture. However, the Court found the demand to be over broad. As a result, the court modified the trial court’s directive to provide access to all of the plaintiff’s post-accident postings, remanding the case for in camera review of plaintiff’s post-accident postings for identification of information that was relevant to his alleged injuries. (See also Winchell v Lopiccolo, 38 Misc 3d 458 [Sup Ct, Orange County 2012] [motion to compel access to plaintiff’s Facebook page denied, without prejudice to serve a more narrowly tailored discovery demand].)
In the case at bar, the court must determine whether plaintiff’s allegation that defendant did not spend the amount of time she alleges with the child from his birth in 2011 until March 2015 is relevant in this custody dispute, and if so, whether her Facebook postings are subject to discovery. The court finds that the time spent by the parties with the child may be relevant and material to its ultimate determination of custody, and therefore finds that the discovery sought herein is properly before the court. (S.R.E.B. v E.K.E.B., 48 Misc 3d 1217[A], 2015 NY Slip Op 51158[U] [Sup Ct, Kings County 2015].)
Defendant denies that her Facebook postings are preserved on her computer’s hard drive, flash drive/memory sticks, CD/ DVDs, or other data systems. She denies that her iPhone has an SD card. She also urges the necessity of protecting her privacy and the confidentiality of her patients. Her denials are not rebutted in any fashion by plaintiff. Defendant has represented to the court that her postings, albeit claimed by her to not be indicative of her time away from the child from 2011 to March 2015, may still be accessed by him, and further, that he has admitted to downloading them. Plaintiff does not deny he sent the email dated March 25, 2015, supra, yet continues to deny he can access defendant’s Facebook postings, as he claims she has “unfriended” him, which she does not deny.
In view of all the foregoing, the court determines within 30 days of service of this decision and order with notice of entry, defendant will take steps to produce printouts of her Facebook postings depicting or describing her whereabouts, outside the New York City area, from the time of the child’s birth through the commencement of the proceeding, whether of her alone, or together with the parties’ child. These postings shall be *185 delivered to the court, for in camera review, together with defendant’s affidavit describing the printouts in general terms and confirming that what she has provided is the entirety of the postings relevant to her whereabouts during the above time frame. Defendant shall also submit an authorization permitting the court to have access to her Facebook postings during the applicable time frame. In turn, the court sua sponte directs that plaintiff will produce any of defendant’s postings he possesses or has access to with an affidavit stating they represent all such Facebook postings possessed by or available to defendant in their entirety during the above time period. All submissions shall be received by the court no later than September 14, 2015.
In all other respects, plaintiffs demands D through H, as set forth in the order to show cause signed April 10, 2015, are denied.

 The court has been advised by defendant that she is now employed in New York City, which has eliminated her travel outside New York.