■ DEMETRIUS FLOWERS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [55 NYS3d 51]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 16, 2016, which, to the extent appealed from as limited by the briefs, denied the motion of defendants the City of New York, New York City Police Department, Police Officer Carlos Cruz, and Police Officer Jessica Alvarado (collectively, the City), seeking an order pursuant to CPLR 3126 to compel discovery, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent stated herein.

In this action alleging, inter alia, wrongful arrest and prosecution, plaintiff denied at his deposition ever using any aliases or nicknames, including "Moe." The search warrant leading to plaintiff's prosecution was based upon controlled drug buys between a confidential informant and an individual named "Moe." In support of its motions seeking social media information, the City proffered public portions of Facebook pages under the monikers "Moejobrim Moejo," "Moejoe Brim," "Moejoebrim Moejo," "Demetrius Flowers," and "Moejobrims Brim" that have

photographs posted that depict plaintiff as the account holder, a fact plaintiff did not deny in opposition to the City's motion. In addition, one of the account holders alleged to be plaintiff posted a photograph identified as the account holder's nephew. Plaintiff's nephew was at the premises, where plaintiff denied having been that day, when the search warrant was executed.

By submitting the above evidence, the City made a threshold showing that examination of the above Facebook accounts will result in the disclosure of relevant evidence bearing on the claim (see Forman v Henkin, 134 AD3d 529 [1st Dept 2015]; Tapp v New York State Urban Dev. Corp., 102 AD3d 620 [1st Dept 2013]; Richards v Hertz Corp., 100 AD3d 728 [2d Dept 2012]). As such, plaintiff is directed to review and provide or permit access to those Facebook and associated Messenger accounts, including their messenger components, and any deleted materials which contain any information connecting plaintiff to the accounts in question, connecting him to any variation of the nickname "Moe," or relevant to his claims that he has had no connection to the apartment searched or the contraband located thereat. Plaintiff shall also provide an authorization permitting Facebook to release the photograph purported to be of plaintiff's nephew, including any metadata associated with the photograph. Production shall be made within 30 days of this order and it is without prejudice to plaintiff seeking, prior to the expiration of the 30-day period, a protective order for expressly identified materials on these Facebook accounts seeking protection from discovery for reasons other than relevancy. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kahn, JJ.