Doyle v Temco Serv. Indus., Inc. (2019 NY Slip Op 03919)





Doyle v Temco Serv. Indus., Inc.


2019 NY Slip Op 03919


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9367N 20242/13

[*1] Mary Doyle, Plaintiff-Respondent,
v
Temco Service Industries, Inc., et al., Defendants-Appellants.


Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about December 21, 2017, which denied defendants' motion to compel plaintiff to provide copies of all passports held after the accident and access to any social media accounts maintained after the accident, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent indicated herein.
Private social media information can be discoverable to the extent it "contradicts or conflicts with [a] plaintiff's alleged restrictions, disabilities, and losses, and other claims" (Patterson v Turner Constr. Co., 88 AD3d 617, 618 [1st Dept 2011]). Here, plaintiff alleges that injuries she sustained as the result of a slip and fall at her place of work have caused her to suffer, among other things, a loss of enjoyment of life. Defendants are entitled to discovery to rebut plaintiff's claims (see CPLR 3101; Forman v Henkin, 30 NY3d 656, 663-664 [2018]), however, defendants' discovery demand seeking access to all of plaintiff's postaccident social media accounts is overbroad (Forman, 30 NY3d at 664-665).
In their reply brief, defendants limit their demand to seek "only plaintiff's post-accident social media records regarding social and recreational activities that she claims have been limited by her accident." Accordingly, the motion to compel should be granted to that extent, which is consistent with the principles set forth in Forman. To the extent plaintiff's social media accounts contain "sensitive or embarrassing materials of marginal relevance," plaintiff can seek a protective order (Forman, 30 NY3D at 665).
As for defendants' request for copies of all of plaintiff's passports held after the accident, we find that such demand was reasonable and relevant to plaintiff's claim that her injuries have restricted her from traveling long distances (see CPLR 3101; see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Thus, plaintiff should be directed to comply with this discovery demand.
We have considered the parties' remaining contentions and either find them unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK