Clarke v Povella (2022 NY Slip Op 06745)

Clarke v Povella

2022 NY Slip Op 06745

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 21623/18E Appeal No. 16745 Case No. 2022-01104 

[*1]Shannon Clarke, Plaintiff-Respondent,
v
Alexander Povella, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith, LLP, New York (Dean L. Pillarella of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, PLLC, New York (Jason Lesnevec of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about March 8, 2022, which denied defendants' motion for spoliation sanctions for plaintiff's failure to produce journal entries, unanimously modified, on the law and in the exercise of discretion, to grant the motion to the extent of imposing an adverse inference charge at trial, and otherwise affirmed, without costs.
Contrary to the motion court's finding, plaintiff's journal entries were not beyond the scope of disclosure in this case where plaintiff is asserting claims for emotional and psychological injuries. Although the journal contained private information, plaintiff did not move for a protective order, and defendant was not required to make any special threshold burden to obtain relevant discovery (see Forman v Henkin, 30 NY3d 656, 665 [2018]; Patterson v Turner Constr. Co., 88 AD3d 617, 618 [1st Dept 2011]).
Spoliation sanctions are warranted under the circumstances here. Plaintiff was under an obligation to preserve her journal once defendants made a demand for it at her deposition (see Maiorano v JPMorgan Chase & Co., 124 AD3d 536 [1st Dept 2015]; Strong v City of New York, 112 AD3d 15, 22 [1st Dept 2013]), and her subsequent failure to take steps to preserve it, along with her vague accounts of when and how she had lost it, supports a finding that she was grossly negligent, giving rise to an inference that the journal would have been relevant to her claim for emotional and psychological damages (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). Nevertheless, the extreme sanctions of dismissal of the complaint or preclusion are unwarranted, in view of the fact that plaintiff had provided authorizations for records of her psychological treatment and testified extensively to her emotional and psychological state (see Rossi v Doka USA, Ltd., 181 AD3d 523, 525-526 [1st Dept 2020]; Melcher v Apollo Med. Fund Mgmt. L.L.C., 105 AD3d 15, 24 [1st Dept 2013]). Rather, we find that an adverse inference charge at trial is sufficient and appropriate (see Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 255 [1st Dept 2011]; Minaya v Duane Reade Intl., Inc., 66 AD3d 402, 403 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022