**Lovit v New York City Tr. Auth.**

2024 NY Slip Op 32535(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 151196/2022

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. RICHARD TSAI                    PART                21

_Justice_

-----------------------------------------------------------------------X

BARBARA LOVIT,

                            Plaintiff,

                    - v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY and JOHN DOE SAID NAME
BEING FICTITIOUS AND UNKNOWN AT THIS TIME,

                            Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151196/2022 |
| MOTION DATE | 11/27/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 27-46
were read on this motion to                STRIKE PLEADINGS                .

In this action for personal injuries which allegedly occurred on a bus, plaintiff now moves for discovery sanctions against defendants, on the ground that defendants failed to preserve the bus video of the incident.  Defendants oppose the motion.

## BACKGROUND

In this action, plaintiff alleges that, on January 24, 2021, she was a passenger on an M-15 select bus when the bus "suddenly and violently stopped short without warning after having been traveling at an excessive rate of speed" causing her to fall and suffer serious injury (plaintiff's exhibit C in support of motion [NYSCEF Doc. No. 31] complaint ¶¶ 50-53).  According to the bill of particulars, plaintiff suffered a broken right femur and a displaced fracture of her right clavicle, among other injuries (_see_ NYSCEF Doc. No. 11).

On this motion, there is no dispute that, following plaintiff's fall, a "Supervisor's Accident/Incident Report" was taken, wherein "Supervisor Mirza" wrote that they "arrived scene at 15:00 PM" finding "EMS was on scene with customer inside. This was point of incident" (plaintiff's exhibit G [NYSCEF Doc. No. 35], Supervisor's Accident/Incident Report). On the line for "Others on Scene" the following is written: "Supt Gaddy, SLD Cintron, SLD Martinez" (_id._).  In the portion titled "Investigation," the following is written:

> "Interviewed BO [bus operator]. She stated she was driving slow passing E56st/2Ave bus stop no one at the bus stop. She heard the bell ring she

**151196/2022   LOVIT, BARBARA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**              **Page 1 of 5**
**Motion No.  001**

1 of 5

stop the bus. female[e] customer approximately in her 80's was standing middle part of bus fell to the ground BO called for assistance.

. . . Interviewed the femal[e] customer. She stated that she push the bell to stop the bus. She was standing middle part of bus. bus driver stop short. She fell to the ground" (*id.*).

On an additional page to the report, it states,

"hit top part of head to the chair, right shoulder right hip as well. . . . I didn't see any blood or any bruises on her body. Inspected interior of bus. Found no blood inside bus. Found no debris on the floor of bus. bus is equipped with cameras" (*id.*),

In an "Incident Report" which states that it was to be completed by the subject "Vehicle Operator", the following is written in a portion titled "Description of Accident": "After servicing bus stop while pullin[g] out the Lady scream Let me get off I got startle[d] and applied the brake. The Lady [illegible] her leg" (plaintiff's exhibit G [NYSCEF Doc. No. 35], Incident Report).

"OA Brief #460," with an "Approved Date/Time" of January 24, 2021 at 21:37, states that EMS "removed female to hospital" (plaintiff's exhibit H [NYSEF Doc. No. 36], OA Brief #460). The OA Brief also states that the "Before Status" was "In Service" and the "After Status" of the bus was "To Yard" (*id.*).

In the portion of the OA brief titled "Recording Information," the following is listed, "Camera: Yes" (*id.*). Defendants do not dispute that this indicates "there being video cameras on the date of the subject accident" (affirmation of plaintiff's counsel in support of motion [NYSCEF Doc. No. 28] ¶ 10).

Defendants initially asserted that there were no "Photographs/ Video/Bus Camera Video" of the accident (defendant's Exhibit G [NYSCEF Doc. No. 35, defendants response to plaintiff's April 26, 2022 Combined Demands). However, on or about February 22, 2023, defendants later provided an affidavit from Tatiana Morales, who clarified that any video footage from the bus from the incident on January 20, 2021 had been overridden (plaintiff's exhibit J in support of motion [NYSCEF Doc. No. 38], Morales affidavit).

Morales stated that she was a "Video Data Manager" for "SAFEFLEET, which is contracted with New York City Transit Authority since December of 2017", and that her responsibilities include searching for and providing "bus video" upon request (Morales affidavit ¶¶ 1-3).

In reference to the bus video at issue here, Morales further stated:

**151196/2022 LOVIT, BARBARA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL** Page 2 of 5
Motion No. 001

2 of 5

"In January and February of 2021, each day the DOBIC website was checked for new Manhattan and Bronx Surface Transit Operating Authority (OA) and New York City Transit Authority (TA) briefs (i.e.-reports) concerning a bus involved in an accident/incident. If the brief indicated that cameras were on the bus and the download of the bus video was done via WiFi, a computer entry was made for the bus video to be downloaded via the WiFi system at the bus depot.

After the request is entered into the computer system, the bus video would be downloaded via the bus depot's WiFi system when the bus was at the depot.

During January and February of 2021, Bus No. 6201 was stationed out of the Mother Clara Hale Bus Depot, which did not have a WiFi system during this time period.

Since the Mother Clara Hale Bus Depot did not have a WiFi system attempts were made to go to the depot to download the bus video from Bus No. 6201 and other buses, however, when these attempts were made Bus No. 6201 was not available.

In January and February of 2021, video footage from bus' cameras was routinely kept for approximately 20-30 days before the video footage was overwritten during normal operations of the bus. The bus video from Bus No. 6201 for the January 24, 2021 accident was not downloaded during this period and then was overridden" (*id*. ¶¶ 4-9).

## DISCUSSION

"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a 'culpable state of mind,' and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense. Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed documents is presumed. On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed documents were relevant to the party's claim or defense" (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547-48 [2015] [internal quotation marks and citations omitted]).

With regard to spoliation of electronically stored information—which is what the bus video footage is—it is well settled that once a party "'reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in

**151196/2022   LOVIT, BARBARA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**               **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

place a 'litigation hold' to ensure the preservation of relevant documents" (*VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 36 [1st Dept 2012], quoting *Zubulake v UBS Warburg LLC*, 220 FRD 212 [SDNY 2003]). A party can be said to reasonably anticipate litigation, when it is "on notice of a credible probability that it will become involved in litigation" (*id.* at 43).

Here, on the day of the incident, defendants were on notice of a credible probability that plaintiff would bring a lawsuit against them for the injuries to her hip and right shoulder she allegedly suffered that day, which were revealed to be fractures, among other injuries (*cf. Freienstein v Mandarin Oriental New York Hotel, LLC*, 2014 NY Slip Op 51213[U], 44 Misc 3d 1220[A] [Sup Ct, NY County 2014] [defendant alerted its general liability insurance carrier of the accident, took photographs of the scene, filed an incident report, paid for plaintiff's treatment at the hospital, convened a safety meeting with staff after the accident]). As was noted in the "Supervisor's Accident/Incident Report", plaintiff—described as in her 80s who had fallen—was taken away to the hospital by EMS, so defendants were aware that plaintiff's injuries were potentially very serious (Supervisor's Accident/Incident Report). Further, as noted in the Supervisor's Accident/Incident Report", plaintiff apparently told Supervisor Mirza that she fell because "the bus stop short" (*id.*). Thus, defendants were on notice that plaintiff believed that her injuries were caused by their negligence.

Furthermore, it is reasonable to infer from the fact that defendants attempted to preserve the video footage (*see* Morales affidavit ¶¶ 5-8) that defendants reasonably anticipated litigation.

Thus, the factual record establishes that, although defendants were "on notice that the video surveillance footage might be needed for future litigation, defendant[s] nevertheless failed to take affirmative steps to preserve the footage, which was then automatically erased" (*Fata v Heskel's Riverdale, LLC*, 223 AD3d 520, 521 [1st Dept 2024]). Under the circumstances presented, the court finds that defendants' "destruction of the evidence was, at a minimum, negligent" (*Macias v ASAL Realty, LLC*, 148 AD3d 622, 622 [1st Dept 2017]).

On this motion, there is no dispute that bus video footage would be relevant to determining defendants' liability.

"The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for the spoliation of evidence" (*Golan v N. Shore Long Is. Jewish Health Sys., Inc.*, 147 AD3d 1031, 1032–33 [2d Dept 2017]). "[S]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct and, thus, the courts must consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness" (*Peters v Hernandez*, 142 AD3d 980, 981 [2d Dept 2016] [internal quotation marks omitted]). "A less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case" (*Pennachio v Costco*

**151196/2022 LOVIT, BARBARA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL** Page 4 of 5
**Motion No. 001**

[* 4]

4 of 5

*Wholesale Corp.*, 119 AD3d 662, 663 [2d Dept 2014] [internal quotation marks and emendation omitted]).

Although plaintiff initially asks this court to strike defendants' answer or to determine liability in plaintiff's favor as a sanction for spoliation, the court finds that such sanctions would be too drastic, given that the spoliation was negligent, rather than willful, and because plaintiff can still prove her case without the bus video footage (*see Clarke v Povella*, 210 AD3d 581, 582 [1st Dept 2022] [finding that plaintiff's "grossly negligent" conduct in failing to preserve evidence did not warrant "the extreme sanctions of dismissal of the complaint or preclusion" but rather "an adverse inference charge at trial is sufficient and appropriate"]).

Rather, the more appropriate sanction is that plaintiff is entitled to an adverse inference charge to the jury based on 1A PJI3d 1:77.3, for defendants' negligent failure to preserve the video surveillance evidence of the subject incident (*see Ferrer v Go New York Tours Inc.*, 228 AD3d 457 [1st Dept 2024] [affirming Supreme Court's grant of adverse inference charge as spoliation sanction for destruction of bus video footage of accident]). The precise formulation of the charge—including the specific issue(s) of the trial for which an adverse inference may be drawn—is left to the discretion of the trial judge (*see Barlow v Skroupa*, 221 AD3d 482, 483 [1st Dept 2023]).

## CONCLUSION

Upon the foregoing documents, it is hereby by **ORDERED** that plaintiff's motion for discovery sanctions, pursuant to CPLR 3126, is **GRANTED TO THE EXTENT** that plaintiff shall be entitled to an adverse inference charge to the jury based on 1A PJI3d 1:77.3 due to defendants' negligent failure to preserve the bus video evidence of the subject accident, with the trial judge to determine the precise wording of the jury instruction ordered by this court, and the motion is otherwise denied.

This constitutes the decision and order of the court.

20240724113348RTSAID0A17891D9D64D6BAE0CE6187C702ED5

_____
7/23/2024
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**151196/2022   LOVIT, BARBARA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
Motion No.  001

Page 5 of 5

5 of 5