Cruz v Muaadh (2026 NY Slip Op 26002)

[*1]

Cruz v Muaadh

2026 NY Slip Op 26002

Decided on January 7, 2026

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 7, 2026
Supreme Court, Bronx County

Wilson I. Cruz, Plaintiff,

againstT. Awn Muaadh, Lyft, Inc., Uber Technologies, Inc., 
 Uber U.S.A., LLC., SECHS-NY LLC., QRL Seven Inc., and Maayni Cheikhmohamedfade, Defendants.

Index No. 33149/2018E

Plaintiff MARK LINDER Firm Name: HARMON, LINDER & ROGOWSKY, ESQS. Address:3 Park Avenue Suite 2300, New York, NY 10016 Phone:212-732-3665 Service E-mail:[email protected]Defendant Muaah: THOMAS JOSEPH MARONEY Firm Name: MARONEY O'CONNOR LLP Address:11 Broadway Ste 831, New York, NY 10004 Phone:212.509.2009 Service E-mail:[email protected]Defendant Lyft: DAVID LORRIN ROSENTHAL Firm Name: LEWIS BRISBOIS BISGAARD & SMITH, LLP Address:77 Water St Rm 2100, New York, NY 10005 Phone:(646) 666-7694 Service E-mail:[email protected] Other E-mails:[email protected]Defendant Uber: MELINDA MARGARET KISS Firm Name: WILSON ELSER MOSKOWITZ EDELMAN & DICKER Address:90 Merrick Ave Ste 700, East Meadow, NY 11554 Phone:(516) 228-8907 Service E-mail:[email protected]Defendant QRL and Cheikhmohamedfade: JOHN PHILIP MCEVOY Firm Name :BAKER, MCEVOY & MOSKOWITS Address:5 Broadway Ste 3, Freeport, NY 11520 Phone:(212) 857-8230 Service E-mail:[email protected]

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all papers filed by the parties in NYSCEF regarding the motion [Mot. Seq. 7] of defendants UBER TECHNOLOGIES, INC., UBER U.S.A. LLC. (jointly "Uber") and SECHS-NY LLC, made pursuant to CPLR 3126 and 3124, seeking an order striking the Note of Issue and directing that plaintiff WILSON I. CRUZ respond to Uber's Notice for Discovery & Inspection for Litigation Financing and Lien Information dated October 10, 2025 ("Litigation Financing Information").
The part of the motion that seeks to vacate the Note of Issue is granted. Pursuant to the [*2]Rules of Part 20 and the Preliminary Conference Order entered October 9, 2024, a stipulation signed by all parties stating that discovery is completed must be submitted before a Note of Issue may be filed and no such stipulation is filed in this action. Furthermore, as set forth below, discovery remains outstanding and, as such, the Note of Issue is premature. See 22 NYCRR 202.21 (e); Lituma v Liberty Coca-Cola Beverages, LLC., 243 AD3d 504 (1st Dept 2025). The Note of Issue is therefore appropriately stricken.
As for the remainder of the motion, this case arises from an alleged motor vehicle accident that occurred on May 16, 2018, at 2625 Farragut Road, Brooklyn, NY ("the Accident"). Plaintiff alleges that he was a rear-seated passenger in the vehicle operated by defendant Muaadh ("the Muaadh Vehicle"). The Muaadh Vehicle was rear-ended by a car driven by defendant Cheikhmohamedfade. Defendant Cheikhmohamedfade was driving his vehicle while utilizing the Uber App. ("the Cheikhmohamedfade Vehicle").
In the action, Uber and defendant Cheikhmohamedfade assert counterclaims/affirmative defenses for fraud against plaintiff based on the testimonies of defendant Muaadh and non-party witness Ana Cordova. Both witnesses testified that plaintiff was not a passenger in the Muaadh Vehicle when the Accident occurred. On this motion, Uber argues that the special circumstance of an alleged fraud justifies the required production of the demanded Litigation Financing Information by plaintiff.
New York caselaw provides that Litigation Financing Information is not discoverable unless shown to be material and necessary to a party's claim or defense. see Smartmatic USA Corp. v Fox Corp., 2023 NY Slip Op. 30886[U] (Sup. Ct. New York County 2023); Worldview Entertainment Holdings, Inc. v Woodrow, 204 AD3d 629, 630 (1st Dept 2022); Rodriguez v Rosen & Gordon, LLC, 2022 WL 635416 (Sup. Ct. New York County 2022). Federal courts have been guided by the same principle that litigation financing discovery is only permitted upon a showing that is it material and necessary to a claim or defense. see Smartmatic USA Corp. v Fox Corp., supra; Benitez v Lopez, 2019 WL 1578167 (Dist. Ct. EDNY 2019).
The inquiry of whether material is relevant or may lead to relevant evidence is broadly defined, and the test is "one for usefulness and reason," which "embodies the policy determination that liberal discovery encourages fair and effective resolution of disputes on the merits, minimizing the possibility for ambush and unfair surprise" . Spectrum Sys. Intl. Corp. v Chem. Bank, 78 NY2d 371, 376 (1991). Although the discovery provisions of the CPLR are to be liberally construed, a party does not have the right to uncontrolled and unfettered disclosure. See Tapp v New York State Urban Development Corp., 102 AD3d 620 (1st Dept 2013); Merkos L'Inyonei Chinuch Inc. v Sharf, 59 AD3d 408 (2d Dept 2009). It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims and defenses. See Flowers v City of New York, 151 AD3d 590 (1st Dept 2017); Foster v Herbert Slepoy Corp., 74 AD3d 1139 (2d Dept 2010).
The trial court has broad discretion to supervise discovery and to determine whether information sought is material and necessary in light of the issues in the matter. M.P. by Fabiana v Jewish Board of Family & Children's Services, 211 AD3d 584 (1st Dept 2022); see Mercedes v Cool Wind Ventilation Corp., 223 AD3d 623 (1st Dept 2024). If the information sought is sufficiently related to the issues in litigation so as to make the effort to obtain it in preparation for trial reasonable, then discovery should be permitted. Buff v Janover, LLC., 2026 WL 31388 (1st Dept 2026); Williams Real Estate Co., Inc. v Viking Penguin, Inc., 216 AD2d 27 (1st Dept [*3]1995); see Allen v Crowell-Collier Publishing Co., 21 NY2d 403 (1968). It is immaterial that the information sought may not be admissible at trial as pretrial discovery extends not only to proof that is admissible but also to matters that may lead to the disclosure of admissible proof. Beals v Roman Catholic Archdiocese of New York, 242 AD3d 404 (1st Dept 2025); Polygram Holding Inc. v Cafaro, 42 AD3d 339 (1st Dept 2007); Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance Inc., 226 AD2d 175(1st Dept 1996). "Full disclosure is required of 'all matter material and necessary' to the defense of an action." CPLR 3101[a]; Lituma v Liberty Coca-Cola Beverages LLC, supra.
Recently the First Department addressed the question of the discoverability of Litigation Financing Information in the motor vehicle accident case of Lituma v Liberty Coca-Cola Beverages, LLC, 243 AD3d 504 (1st Dept 2025). The defendants in the Lituma action alleged that the relevant vehicle accident was staged, and plaintiff was a participant in the fraudulent scheme. Defendants argued that the demanded litigation funding was a potential financial motivation for plaintiff's partaking in the alleged fraudulent scheme.
In its decision, the Appellate Division reiterated that "full disclosure is required of all matter material and necessary to the defense of an action . . . . and the words material and necessary are to be interpreted liberally to require disclosure . . . of any facts bearing on the controversy". Id. [internal quotation marks omitted]. In terms of litigation financing agreements and loans, the Court held that the defendant established that the demanded financial lending information was material and necessary "by explaining that it could reveal a financial motive for fabricating the accident". Id; compare Smartmatic USA Corp. v Fox Corp., supra, with Worldview Entertainment Holdings, Inc. v Woodrow, supra. The Court concluded that that proffered evidence of an alleged fraud by staging the accident was sufficient to warrant the required production of the demanded litigation financing material as material and necessary to the defense of the action.
Here, as in Lituma, defendants demonstrate that there is a reasonable basis for alleging that plaintiff acted fraudulently and that any alleged litigation funding provides a financial motive for plaintiff fabricating the claim that he was injured in the Accident. The record demonstrates that plaintiff asserted injuries, and likely utilized medical providers to establish said injuries, based on his purported presence in the vehicle at the time of the Accident. Two eyewitnesses aver, however, that plaintiff was not even in the car when the Accident occurred. As such, defendants demonstrate a reasonable possibility that plaintiff is perpetuating a fraud, and plaintiff may be receiving a financial benefit from said fraud arising from a litigation funding loan. Accordingly, in accordance with the First Department's decision in Lituma, defendants are entitled to the demanded materials as material and necessary to the defense of the action and the motion is granted.
The remaining contentions of the parties have been considered by the Court. To the extent that any contention is not addressed, it is rejected.
Accordingly, it is hereby
ORDERED that the motion [Mot. Seq. 7] of defendants UBER TECHNOLOGIES, INC., UBER U.S.A. LLC. (jointly "Uber") and SECHS-NY LLC, made pursuant to CPLR 3126 and 3124, seeking an order striking the Note of Issue and directing that plaintiff WILSON I. CRUZ respond to Uber's Notice for Discovery & Inspection for Litigation Financing and Lien Information dated October 10, 2025 ("Litigation Financing Information") is GRANTED; and it is further
ORDERED that the Clerk shall vacate the Note of Issue and Certificate of Readiness and strike the action from the trial calendar and record said action in all court records; and it is further
ORDERED that plaintiff shall produce the Litigation Financing Information demanded in the October 10, 2025, Notice for Discovery & Inspection by February 25, 2026; and it is further
ORDERED that the Note of Issue shall be filed by May 1, 2026, and said date may not be extended without court order; and it is further
ORDERED that the Clerk shall mark motion seq. 7 decided in all court records.
This constitutes the decision and order of the court.
Dated: January 7, 2026HON. VERONICA G. HUMMEL, A.J.S.C.